IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT FOR
HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**KIM ELLIOTT,**                                                                                   Case Number:

    **Plaintiff,**

v.

**H. LEE MOFFITT CANCER CENTER
AND RESEARCH INSTITUTE, INC.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Kim Elliott, was employed by Defendant, H. Lee Moffitt Cancer Center and Research Institute, Inc., and brings this action for recovery of damages arising from discrimination and other relief under the Florida Civil Rights Act ("FCRA") and 42 U.S.C. 1981.

### Parties

2. Plaintiff is a qualified Black female and a member of a protected class due to her race.

3. Plaintiff is a qualified female over 50 years of age and a member of a protected class due to her age.

4. Defendant is a hospital and employs more than 15 employees.

5. Plaintiff was employed by Defendant as a respiratory therapist in May 2018.

6. Defendant employed Plaintiff within the four years preceding this complaint.

### Jurisdiction

7. Defendant employed Plaintiff in Hillsborough County, Florida.

8. Plaintiff performed work and services for Defendant in Hillsborough County, Florida.

9. Defendant employs more than 15 employees.

10. All events giving rise to this action occurred within the four years preceding this complaint.

11. All events giving rise to this action occurred in Hillsborough County, Florida.

Factual Allegations

12. During Plaintiff's application process, and before being hired by Defendant, Plaintiff informed Defendant that she had been employed by Reston Hospital Center as the Director of Cardiopulmonary Services for over ten years.

13. During Plaintiff's application process, and before being hired by Defendant, Plaintiff informed Defendant that she possesses a Bachelor of Science in Healthcare Administration from Southwest Texas State University.

14. Defendant hired Plaintiff as a respiratory therapist in or about May 2018.

15. From approximately May 2018 until approximately September 25, 2019, Plaintiff was a high performer in her role as a respiratory therapist.

16. At all times during her employment with Defendant as a respiratory therapist, Plaintiff was an employee in good standing.

17. Plaintiff received two positive performance evaluations between the time of her hire and approximately September 25, 2019.

18. On or about September 25, 2019, Plaintiff applied for an open respiratory manager role within Defendant's organization.

19. At the time of Plaintiff's application, she was an employee in good standing and eligible to apply for the position.

20. Plaintiff was qualified for the respiratory manager position because she has a Bachelor of Science in Healthcare Administration and because Plaintiff worked as a director of respiratory therapy for over ten years.

21. Upon information and belief, none of the other interviewees had more than ten years of experience as a director of cardiopulmonary services.

22. Defendant selected Plaintiff and others to participate in the first round of interviews.

23. Upon information and belief, Plaintiff was the oldest person selected to interview for the respiratory manager role.

24. After concluding the first interview, Defendant did not select Plaintiff to participate in the second round of interviews.

25. Plaintiff was the most qualified applicant and interviewee but was not selected to participate in the second round of interviews.

26. Defendant ultimately hired Lauren McAvoy, a White female who was 29 years old at the time of hire.

27. Ms. McAvoy is outside of Plaintiff's protected classes in regard to race and age.

28. At the time of Ms. McAvoy's hire, Plaintiff had approximately 22 more years of respiratory therapy experience than Ms. McAvoy.

29. At the time of Ms. McAvoy's hire, Ms. McAvoy did not have any respiratory therapy management experience.

30. Defendant refused to hire Plaintiff because she is a Black female.

7/23/2021 1:00 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 4

31. Defendant refused to hire Plaintiff because she is over 50 years old.

32. Defendant desired to hire a White female under 30 years old regardless of Plaintiff's superior qualifications.

33. Plaintiff was damaged by Defendant's discriminatory act of not hiring Plaintiff as a respiratory manager because of Plaintiff's race and age.

## COUNT I – RACE DISCRIMINATION
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

35. Plaintiff is a member of a protected class because she is a Black female.

36. Plaintiff was employed by Defendant as a respiratory therapist.

37. Plaintiff was a qualified individual and desired to be employed by Defendant as a respiratory manager.

38. Defendant posted a job opening for the full-time respiratory manager position.

39. Plaintiff was qualified for the respiratory manager position.

40. Plaintiff applied for the respiratory manager position.

41. Defendant hired a less qualified White female outside of Plaintiff's protected classes for the respiratory manager position.

42. Plaintiff would have received the respiratory manager position but for her being a Black female and a member of a protected class.

43. Defendant did not hire Plaintiff as a respiratory manager because she is a Black female and member of a protected class.

4

44. Plaintiff was damaged by Defendant's refusal to hire Plaintiff as a respiratory manager.

45. Plaintiff demands a trial by jury.

**COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE FCRA**

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

47. Plaintiff is a member of a protected class because she is a qualified female over 50 years old.

48. Plaintiff was employed by Defendant as a respiratory therapist.

49. Plaintiff was a qualified individual and desired to be employed by Defendant as a respiratory manager.

50. Defendant posted a job opening for respiratory manager position.

51. Plaintiff was qualified for the respiratory manager position.

52. Plaintiff applied for the respiratory manager position.

53. Defendant hired a less qualified 29-year-old female, outside of Plaintiff's protected class, for the respiratory manager position.

54. Specifically, Defendant hired a much younger, 29-year-old woman, as a respiratory manager.

55. Plaintiff would have received the respiratory manager position but for her being a over 50 years old and a member of a protected class.

56. Plaintiff would have received the respiratory manager position but for her age.

57. Defendant did not hire Plaintiff as a respiratory manager because she is a an "older" female and member of a protected class.

5

58. Plaintiff was damaged by Defendant's refusal to hire Plaintiff as a full-time forensic toxicologist.

59. Plaintiff demands a trial by jury.

## COUNT III – RACE DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. 1981

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

61. Plaintiff is a member of a protected class because she is a Black female.

62. Plaintiff was employed by Defendant as a respiratory therapist.

63. Plaintiff was a qualified individual and desired to be employed by Defendant as a respiratory manager.

64. Defendant posted a job opening for a respiratory manager position.

65. Plaintiff was qualified for the respiratory manager position.

66. Plaintiff applied for the respiratory manager position.

67. Defendant hired a less qualified White female outside of Plaintiff's protected classes for the full-time position.

68. Plaintiff would have received the respiratory manager position but for her being a Black female and a member of a protected class.

69. Defendant did not hire Plaintiff as a respiratory manager because she is a Black female and member of a protected class.

70. Plaintiff was damaged by Defendant's refusal to hire Plaintiff as a full-time forensic toxicologist.

71. Plaintiff demands a trial by jury.

DATED this 23rd day of July 2021,

                                                **/S/ Kyle J. Lee**
                                                Kyle J. Lee, Esq.
                                                FLBN: 105321
                                                LEE LAW, PLLC
                                                1971 West Lumsden Road, Suite 303
                                                Brandon, Florida 33511
                                                Telephone: (813) 343-2813
                                                Kyle@KyleLeeLaw.com